**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Criminal Case No. 14-cr-130-WJM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

**1.    CARLOS ANDERSON,**

     Defendant.

---

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

---

Before the Court is Defendant Carlos Anderson's Motion for Reduction of Sentence ("Motion"). (ECF No. 47.) For the following reasons, the Court denies the Motion.

## I. BACKGROUND

On March 12, 2015, Anderson pled guilty to possession of a firearm in furtherance of a drug transaction in violation of 18 U.S.C. § 924(c)(1)(A)(i). (ECF No. 31.) On June 30, 2015, the Court sentenced Anderson to 132 months' imprisonment followed by a five-year term of supervised release. (ECF No. 45.) He is currently incarcerated at FCI Florence, a facility of the federal Bureau of Prisons ("BOP"), and he has served approximately 94 months of his sentence. (ECF No. 47.)

Anderson filed his Motion on May 24, 2021, seeking immediate release from custody due to the COVID-19 pandemic. (*Id.*) Specifically, he contends he is at increased risk of severe illness or death should he contract COVID-19 due to his

underlying medical conditions of hypertension, glaucoma, asthma, and obesity.  (*Id.* at

5–7.)  Additionally, Anderson states that he has tested positive for COVID-19 previously

and now fears reinfection.  (*Id.* at 5.)

The Government responded to the Motion on June 10, 2021, and Anderson

replied on June 21, 2021.  (ECF Nos. 52 & 53.)

## II. ANALYSIS

Anderson invokes the Court's authority to grant what is commonly referred to as

"compassionate release."  The statutory basis for compassionate release is as follows:

> The court may not modify a term of imprisonment once it has
> been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the
>> [BOP], or upon motion of the defendant after the
>> defendant has fully exhausted all administrative rights
>> to appeal a failure of the [BOP] to bring a motion on
>> the defendant's behalf or the lapse of 30 days from
>> the receipt of such a request by the warden of the
>> defendant's facility, whichever is earlier, may reduce
>> the term of imprisonment (and may impose a term of
>> probation or supervised release with or without
>> conditions that does not exceed the unserved portion
>> of the original term of imprisonment), after considering
>> the factors set forth in section 3553(a) to the extent
>> that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant
>>> such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age [along
>>> with various other conditions not relevant here];
>>
>> and that such a reduction is consistent with applicable
>> policy statements issued by the Sentencing
>> Commission . . . .

18 U.S.C. § 3582(c).

In short, to release Anderson from confinement immediately under this authority, the Court would need to re-sentence him to time served (approximately 94 months).

## A.    Extraordinary and Compelling Circumstances

The Court first considers whether extraordinary and compelling circumstances justify Anderson's release.  *See* 18 U.S.C. § 3582(c).  In making this determination, the Court acknowledges the Tenth Circuit's recent guidance in *United States v. Carr*, — F. App'x — , 2021 WL 1400705 (10th Cir. 2021), holding that a district court retains broad discretion to define extraordinary and compelling circumstances and is not constrained by United States Sentencing Commission policy statements.  *Id.* at *4–5; *see also United States v. Maumau*, 994 F.3d 821, 834 (10th Cir. 2021) (stating that "district courts . . . have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons'").

Although Anderson's medical conditions may be risk factors for severe COVID-19, the BOP website reflects that zero cases of inmates with the virus currently exist at FCI Florence.[1]  *See BOP: COVID-19 Update*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited June 25, 2021).  The weight of authority thus far underscores the conclusion that extraordinary and compelling circumstances generally do not exist where there are no confirmed cases of the virus at the prisoner's facility.  *See, e.g.*, *United States v. Harden*, 2020 WL 4499993, at *2 (D. Colo. Aug. 5, 2020) (denying compassionate release despite medical conditions of asthma and bronchitis where no confirmed cases exist at facility); *United States v. Yurek*, 2020 WL 3415371, at *1–2 (D. Colo. June 22, 2020) (same); *United States v. Raia*, 954 F.3d 594,

---

[1] Moreover, Anderson notes that more than 20% of the inmate population at FCI Florence had been vaccinated at the time he filed his Motion. (ECF No. 47 at 5.)

597 (3d Cir. 2020) (stating that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release").

Exercising its discretion and acknowledging the considerably low risk of infection at Anderson's facility, the Court is not convinced that extraordinary and compelling circumstances exist. Assuming, however, that Anderson's health conditions constitute extraordinary and compelling circumstances—although he may be vaccinated and is not currently exposed to the virus at his facility[2]—the Court proceeds to the question of whether the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh in favor of Anderson's release.

**B.    § 3553(a) Factors**

Anderson argues that the § 3553(a) factors favor his release because his offense was a "low-level street-type drug offense," and he is unlikely to recidivate due to his relatively young age (33 years old) at the time he committed the offense. (ECF No. 47 at 12.) He emphasizes his release plan of residing with his wife, who will assist him in reintegrating into society. (*Id.* at 13.)

While Anderson's purported rehabilitation is encouraging, it cannot reasonably be disputed that his offense conduct was serious. To begin, the Court takes judicial notice of the fact that, according to statistics kept by the U.S. Sentencing Commission, younger offenders are *more,* and not less, likely to recidivate. In addition, the Presentence Investigation Report reflects that he exchanged firearms for illegal drugs.

---

[2] The Government states that Anderson has been vaccinated. (ECF No. 52 at 6.) Although Anderson does not respond to this assertion, it is reasonable to assume from his silence that he has in fact been vaccinated, which the Court considers as a significant factor in assessing his risk of contracting COVID-19.

(ECF No. 38 at 3–5.)  Moreover, Anderson has a lengthy criminal history, beginning when he was 17 years old in 1998, and his current offense is no less than his fifth felony conviction.  (*Id.* at 6–17.)  Further, Anderson's sentence reflects a significant downward departure from the sentencing guideline range of between 262 and 327 months.  (ECF No. 45 at 7–8.)  The severity of Anderson's crimes, coupled with the fact that he has served only 94 months of his relatively short sentence, weigh heavily against his release.

Given the dangerous nature of his crimes and the lenient sentence imposed, the Court finds that a sentence of time served would not be consistent with "the nature and circumstances of the offense," § 3553(a)(1); "the need for the sentence imposed * * * to reflect the seriousness of the offense [and] * * * afford adequate deterrence to criminal conduct," § 3553(a)(2)(A)–(B); and "the kinds of sentence and the sentencing range established for [Anderson's crimes]," § 3553(a)(4).  The Motion is therefore denied.

### III. CONCLUSION

For the reasons set forth above, Anderson's Motion (ECF No. 47) is DENIED.

Dated this 28th day of June, 2021.

BY THE COURT:

William J. Martínez
United States District Judge